IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>TOPWAY ENTERPRISES, INC, a corporation, d/b/a KAZY'S GOURMET, and JEFF LIAO, YING CHEN, and ADWIN LIAO, individually,<br><br>    Defendants. | Civil Action No. 4:19-cv-3214 |

**PLAINTIFF UNITED STATES OF AMERICA'S
COMPLAINT FOR PERMANENT INJUNCTION**

1.  The United States of America brings this action against Topway Enterprises, Inc., a corporation d/b/a Kazy's Gourmet, and Jeff Liao, Ying Chen, and Adwin Liao individually (collectively, Defendants), under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 332(a), and the inherent equitable authority of this Court, to permanently enjoin and restrain Defendants from violating: (A) 21 U.S.C. § 331(a), by introducing or delivering for introduction, or causing to be introduced or delivered for introduction, into interstate commerce articles of food, within the meaning of 21 U.S.C. § 321(f), that are adulterated within the meaning of 21 U.S.C. § 342(a)(4) in that they have been prepared, packed or held under insanitary conditions whereby they may have been rendered injurious to health; and (B) 21 U.S.C. § 331(k), by causing articles of food within the meaning of 21 U.S.C. § 321(f) to become adulterated within the meaning of 21 U.S.C. § 342(a)(4), in that they have been prepared, packed, or held under insanitary conditions whereby they may have been rendered injurious to health, while held for sale after shipment of one or more components in interstate commerce.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter and over all parties to this action under 28 U.S.C. §§ 1331 and 1345, 21 U.S.C. § 332, and its inherent equitable authority. The Court has jurisdiction over the defendants because the corporation, Topway Enterprises, Inc., has its principal place of business in Houston, Texas, and the individual defendants work at the corporation's location, which is located in this district.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

4. Plaintiff is the United States of America.

5. Defendant Topway Enterprises, Inc. ("Topway") is a Texas corporation doing business as Kazy's Gourmet, with its principal place of business at 4001 Briarpark Drive, Houston, Texas ("Defendants' facility"), within the jurisdiction of this Court.

6. Defendant Jeff Liao is the President and co-owner of Topway. He has overall responsibility for Topway's operations. He performs his duties at Defendants' facility, within the jurisdiction of this Court.

7. Defendant Ying (Linda) Chen, Mr. Jeff Liao's wife, is co-owner of Topway. During a February 2019 inspection by the Food and Drug Administration ("FDA"), Ms. Chen identified herself as the most responsible person at the facility. Defendant Chen performs her duties at Defendants' facility, within the jurisdiction of this Court.

8. Defendant Adwin Liao is the son of Defendants Jeff Liao and Ying Chen, and the manager of Defendants' facility. He accompanied FDA on the February 2019 inspection, and attended a Regulatory Meeting with FDA in March 2019, as the Topway representative. Defendant Adwin Liao performs his duties at Defendants' facility, within the jurisdiction of this Court.

9. Defendants receive, process, prepare, pack, hold, and distribute articles of food,

within the meaning of 21 U.S.C. § 321(f), including, but not limited to, ready-to-eat fish and fishery products.

10. Defendants' ready-to-eat fish and fishery products are made from ingredients that have been shipped in interstate commerce. Defendants deliver their ready-to-eat fish and fishery products to customers located outside the state of Texas. For example, Defendants receive fish and fishery products from North Carolina, and ship ready-to-eat fish and fishery products for sushi to restaurants located outside of Texas, including to restaurants in Louisiana, Alabama, and Mississippi.

## **DEFENDANTS' VIOLATIONS**

11. Defendants violate 21 U.S.C. § 331(a) by introducing or delivering for introduction, or causing to be introduced or delivered for introduction, into interstate commerce articles of food that are adulterated within the meaning of 21 U.S.C. § 342(a)(4).

12. Defendants violate 21 U.S.C. § 331(k) by causing articles of food to become adulterated within the meaning of 21 U.S.C. § 342(a)(4), while held for sale after shipment of one or more components in interstate commerce.

13. Defendants' food is adulterated within the meaning of 21 U.S.C. § 342(a)(4) in that it has been prepared, packed or held under insanitary conditions whereby it may have been rendered injurious to health. The insanitary conditions include, but are not limited to, the widespread presence of *Listeria* at Defendants' facility.

14. *Listeria monocytogenes* is a pathogenic organism that has a reasonable probability of causing serious adverse health consequences or death to humans.

15. FDA conducted an inspection of Defendants' facility from February 4-8, 2019, during which FDA observed insanitary conditions and poor employee production practices.

16. Approximately 58% of the samples collected by FDA during the February 2019 inspection tested positive for non-pathogenic species of *Listeria,* which are considered indicator organisms, meaning that they provide evidence that *Listeria monocytogenes*, a pathogenic organism, could survive under similar physical, chemical, and nutrient conditions.

17. On June 24-July 3, 2019, under contract with FDA, the Texas Department of State Health Services ("TX DSHS") conducted a follow-up inspection of Defendants' facility and observed continuing insanitary conditions and poor employee production practices.

18. Approximately 65% of the samples collected during the June/July 2019 inspection tested positive for *Listeria*, including four that revealed pathogenic *Listeria monocytogenes*.

19. On July 3, 2019, in response to the June-July 2019, inspection, Defendants temporarily ceased operations at their facility, but did not inform FDA that they were operating in a temporary location, taking utensils, aprons, and small equipment with them.

20. On July 10, 2019, Defendants resumed operations at their facility—and refused to cease such operations—despite hearing from FDA experts on July 11, 2019 that adequate corrective action had not been implemented and the ready-to-eat seafood processed at their facility was likely to be contaminated with *L. monocytogenes* and could cause serious adverse health consequences or death to humans.

21. On July 17, 2019, FDA suspended Defendants' facility's registration under 21 U.S.C. § 350d(b), based on FDA's determination that food manufactured, processed, packed,

received, and/or held at Defendants' facility had a reasonable probability of causing serious adverse health consequences or death to humans.

22.     In response to the registration suspension, Defendants have taken certain corrective action, including presenting FDA with a Corrective Action Plan.  That plan, while promising, is not sufficient to alleviate FDA's concern that ready-to-eat food processed at Defendant's facility is likely to be contaminated with *Listeria*, absent the intervention of the Court.  As of the date of this complaint, Defendants' facility registration remains suspended.

WHEREFORE, Plaintiff respectfully requests that this Court:

I.      Permanently restrain and enjoin, under 21 U.S.C. § 332(a), Defendants and each and all of their officers, agents, employees, representatives, successors, assigns, attorneys, and any and all persons in active concert or participation with any of them (including individuals, directors, corporations, subsidiaries, affiliates, partnerships, and "doing business as" entities), who receive notice of the Court's order from, directly or indirectly:

A.      violating 21 U.S.C. § 331(a), by introducing, delivering, and causing the introduction and delivery for introduction into interstate commerce of any article of food that is adulterated within the meaning of 21 U.S.C. § 342(a)(4); and

B.      violating 21 U.S.C. § 331(k), by doing and causing to be done any act that causes any article of food to become adulterated within the meaning of 21 U.S.C. § 342(a)(4), while such article is held for sale after shipment of one or more of its components in interstate commerce;

II.     Order Defendants and each and all of their officers, agents, employees, representatives, successors, assigns, attorneys, and any and all persons in active concert or participation with any of them (including individuals, directors, corporations, subsidiaries, affiliates, partnerships, and "doing business as" entities), who receive notice of the Court's order to

cease, directly or indirectly, receiving, processing, manufacturing, preparing, packaging, holding, and distributing any article of food within the meaning of 21 U.S.C. § 321(f), at or from Defendants' facility (and any other or new location at or from which Defendants receive, process, manufacture, prepare, pack, hold, or distribute food), unless and until Defendants bring their operations into compliance with the Act and its implementing regulations to the satisfaction of FDA; and

      III.      Award the United States its costs herein, including the costs of investigation to date, and such other relief as the Court may deem just and proper.

Respectfully submitted,

Of Counsel:

ROBERT P. CHARROW
General Counsel
United States Department of Health
  and Human Services

STACY CLINE AMIN
Chief Counsel
Food and Drug Administration
Deputy General Counsel
United States Department of Health
  and Human Services

ANNAMARIE KEMPIC
Deputy Chief Counsel, Litigation
Food and Drug Administration

BARBARA ALKALAY
Senior Counsel
Office of the General Counsel
Food and Drug Division
10903 New Hampshire Avenue
White Oak 32, Room 4442
Silver Spring, MD 20993-0002
Telephone: (301) 348-3085
Barbara.Alkalay@fda.hhs.gov

RYAN K. PATRICK
United States Attorney
Southern District of Texas

By: *s/*_____
Andrew A. Bobb
Assistant United States Attorney
SBOT No. 02530350
Fed. Bar No. 9041
1000 Louisiana, Suite #2300
Houston, Texas 77002

Tel: (713) 567-9766
Fax: (713) 718-3303
Email: Andrew.Bobb@usdoj.gov

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

DAVID M. MORRELL
Deputy Assistant Attorney General

GUSTAV W. EYLER
Director

_____
Joshua D. Rothman
Trial Attorney
State Bar Number 108272014 (New Jersey)
Consumer Protection Branch
U.S. Department of Justice
450 5th Street NW, Suite 6400S
Washington, D.C. 20001
Telephone: 202-514-1586
Fax: 202-514-8742
Joshua.D.Rothman@usdoj.gov

Attorneys in Charge for the United States

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
Topway Enterprises, Inc., d/b/a Kazy's Gourmet; Jeff Liao, Ying Chen; Adwin Liao

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joshua D. Rothman, Consumer Protection Branch, U.S. Department of Justice, 450 5th Street NW, Washington DC 20001, 202-514-1586

Attorneys *(If Known)*
Charles Vethan & Cameron Weir, Vethan Law Firm, P.C., 820 Gessner Road, Suite 1510, Houston TX 77024, 844-824-2224

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | [X] 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. § 331(a); 21 U.S.C. § 331(k)
Brief description of cause:
introduction of adulterated food into interstate commerce

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 8/27/19
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.